Eldson McGHEE, Petitioner-Appellant,

v.

Jack HANBERRY, Warden, Atlanta Federal Penitentiary, et al., etc., Respondents-Appellees.

No. 79–1517

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Eldson McGhee, pro se.

Curtis E. Anderson, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

PER CURIAM:

Appellant was convicted under Counts One, Two, Three and Seven of a seven count indictment charging various offenses arising from the robbery of the First State Bank in Marshallville, Georgia. McGhee was sentenced to life imprisonment for his conviction under Count Three (taking a hostage during the armed robbery of a bank, 18 U.S.C. § 2113(e)) and to five years imprisonment for his conviction under Count Seven (conspiracy, 18 U.S.C. § 371). The court ordered the sentences to run consecutively. On direct appeal, this Court reversed appellant's conviction under Count One, affirmed appellant's convictions under Counts Two, Three, and Seven, and found the reversal of the conviction under Count One not to effect the sentences imposed under Counts Three and Seven. *U. S. v. McGhee,* 488 F.2d 781 (5th Cir.), *cert. denied,* 417 U.S. 971, 94 S.Ct. 3176, 41 L.Ed.2d 1142 (1974). McGhee filed a motion to va-

cate sentence pursuant to 28 U.S.C. § 2255 arguing that Count Three of the indictment under which he was convicted was defective, a ground previously argued unsuccessfully on direct appeal. The district court denied relief and this Court affirmed the denial, without published opinion. *McGhee v. U. S.,* 529 F.2d 521 (5th Cir. 1976), *rehearing en banc denied,* 542 F.2d 575 (5th Cir. 1976), *cert. denied,* 430 U.S. 938, 97 S.Ct. 1567, 51 L.Ed.2d 785 (1977).

Appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, again arguing that Count Three of the indictment was defective. In addition, Appellant cited this Court's prior decision in *Dawes v. Gough,* 170 F.2d 396 (5th Cir. 1948) as grounds for habeas relief. The district court denied appellant's petition and this appeal followed.

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 provides the primary method of collateral attack on a federally imposed sentence. *Walker v. United States,* 429 F.2d 1301 (5th Cir. 1970). A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion under § 2255; and a petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Wood v. Blackwell,* 402 F.2d 62, 63 (5th Cir. 1968), *cert. denied,* 393 U.S. 1060, 89 S.Ct. 703, 21 L.Ed.2d 702 (1969). It is well established that a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. *Walker v. United States,* 429 F.2d at 1303; *Accardi v. Blackwell,* 412 F.2d 911, 914 (5th Cir. 1969). The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *Accardi v. Blackwell,* 412 F.2d at 914. Appellant in the instant case alleges no facts indicating that the § 2255 remedy is inadequate or ineffective.

Rather he makes a conclusory allegation of the inadequacy or ineffectiveness by reference to his previously unsuccessful § 2255 motion. In so doing, appellant fails to make the requisite showing that would allow the district court to entertain his petition for a writ of habeas corpus under § 2241. *Id.*

Appellant's reliance on *Dawes v. Gough* is misplaced. Though *Dawes* was handed down by this Court one month after the effective date of 28 U.S.C. § 2255, the statute was not discussed. Obviously, the judgment appealed from predated its enactment. As the statute and our subsequent precedent make clear, *Dawes* is completely inapposite to the facts of this case.

The judgment of the district court is affirmed.

AFFIRMED.