872 F.2d 1031
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry WORD, Plaintiff-Appellant,
v.
John GLUCH, Defendant-Appellee.
 No. 88-1841.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jerry Word appeals the denial of his Fed.R.Civ.P. 60(b) motion for relief from the district court's judgment denying his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2241. We review the denial of petitioner's motion only for abuse of discretion; the underlying judgment will not be reviewed. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). Upon review, we conclude that the district court did not abuse its discretion in denying petitioner's motion.
 
 
 3
 Petitioner cited no grounds which would warrant relief from the underlying judgment. The district court correctly noted that petitioner's motion is merely a reiteration of the grounds asserted in his habeas petition. Those grounds were rejected in the first instance as not cognizable under 28 U.S.C. Sec. 2241 because petitioner did not establish that the remedy provided under 28 U.S.C. Sec. 2255 is "inadequate or ineffective." See Sanders v. United States, 373 U.S. 1, 14-15 (1963); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988), cert. denied, --- U.S. ----, 102 L.Ed.2d 565 (1988); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.1979) (per curiam). Petitioner's contention that Sec. 2255 is "inadequate or ineffective" because his attempts to obtain relief in the sentencing court were unsuccessful is without merit. See McGhee, 604 F.2d at 10. Accordingly, we conclude that the district court was within its discretion in denying petitioner's Fed.R.Civ.P. 60(b) motion.
 
 
 4
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.