[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13718
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 03-00275-CV-MMP

VICKI J. FLANAGAN,

Petitioner-Appellant,

versus

MONICA WETZEL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 2, 2005)**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Vicki J. Flanagan, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of her habeas corpus petition, filed pursuant to 28 U.S.C. § 2241. Flanagan contends that because she is actually innocent, it was erroneous for the district court to dismiss her § 2241 petition. Further, Flanagan insists she is not trying to circumvent the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) time limitations for filing a § 2255 motion to vacate, and that the requirements for filing a successive § 2255 motion have no bearing on the instant petition. We affirm the district court.

## I. DISCUSSION

The availability of habeas relief under § 2241 presents questions of law which we review de novo. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). A federal prisoner's petition to challenge the imposition of her sentence must be brought under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255. Accordingly, a § 2241 petition attacking custody resulting from a federally imposed sentence may be entertained only if the petitioner establishes the remedy provided for under § 2255 is inadequate or ineffective. *See Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999) (holding § 2241 may not be used to circumvent the restrictions on successive § 2255 motions); *McGhee v. Hanberry*, 604 F.2d 9,

2

10 (5th Cir. 1979) (holding a prior unsuccessful § 2255 motion is insufficient on its own to establish the ineffectiveness of the § 2255 remedy)[1]. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10. Remedies under § 2255 are considered inadequate if:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d at 1244.

Flanagan's first § 2255 motion to dismiss was denied by the district court, although it is unclear whether it was denied on the merits or because it was filed six years after the final date of her conviction. The magistrate, however, noted in his Report & Recommendation the district court likely dismissed the § 2255 motion due to untimeliness. Where a prisoner has filed an initial § 2255 motion that has already been denied, the district court does not have jurisdiction to act without us having granted the prisoner permission to file a second, or successive

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) we adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

§ 2255 motion to vacate. 28 U.S.C. § 2255.

Here, Flanagan makes repeated claims of actual innocence as justification for advancing collateral attacks on her conviction and sentence in a § 2241 petition. It seems to be Flanagan's position that because her § 2255 was denied because of AEDPA's time limitations, and was not addressed on the merits, a § 2255 remedy is ineffective and a § 2241 petition is the only available avenue for her to advance her claims. However, this reasoning is incorrect, as we have held that just because a past § 2255 motion was unsuccessful does not mean the remedy it may provide is inadequate. *See McGhee*, 604 F.2d at 10; *Wofford*, 177 F.3d at 1245. Moreover, while Flanagan cites to an Eleventh Circuit case as support for her actual innocence claim, because she does not cite to a new, retroactively applicable Supreme Court decision, she cannot satisfy any of the requirements of § 2255's savings clause, and thus, a § 2241 petition is an inappropriate avenue for her to advance her claims. *See* 28 U.S.C. § 2255; *Wofford*, 177 F.3d at 1244.

## II. CONCLUSION

The district court did not err when it dismissed Flanagan's § 2241 petition, and we affirm.

AFFIRMED.