[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2005
THOMAS K. KAHN
CLERK

No. 04-15881
Non-Argument Calendar
_____

D. C. Docket No. 03-00197-CV-2

BRUCE TOWNSEND,
a.k.a. Ox Townsend, etc.

Petitioner-Appellant,

versus

ROBERT MCFADDEN, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 7, 2005)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Federal prisoner Bruce Townsend appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] We affirm the district court.

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review de novo. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Generally, 28 U.S.C. § 2255 is the primary method employed by federal prisoners to attack their convictions collaterally. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). On rare occasions, however, it is possible for federal prisoners to attack their convictions and sentences pursuant to 28 U.S.C. § 2241 as opposed to § 2255. *Id.* Under the savings clause:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). Thus, a § 2241 petition attacking custody

---

[1] On August 1, 2005, Townsend filed with this Court a number of documents collectively referred to as "Counter Claim/Post Settlement and Closure of Account Under Public Policy." This "Counter Claim" contains various documents, including, *inter alia*, a (1) document which sets forth allegations based on various provisions of the Uniform Commercial Code, (2) reinsurance agreement, (3) financing statement, (4) security agreement, (5) durable power of attorney, and (6) non-negotiable international bill of exchange. After careful examination, it does not appear Townsend requests this Court grant him a specific type of relief with respect to this "Counter Claim," nor does it appear the filing relates in any way to the claims raised in this appeal. As such, we take no action on this filing.

resulting from a federal imposed sentence may be entertained if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (holding a prior unsuccessful § 2255 motion is insufficient on its own to establish the ineffectiveness of § 2255 remedies); *Wofford*, 177 F.3d at 1245 (holding § 2241 may not be used to circumvent the restrictions on successive § 2255 motions). "The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner." *McGhee*, 604 F.2d at 10.

We have articulated a three-prong test to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under § 2255's savings clause. According to that test, the savings clause applies when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d at 1244. If the savings clause does apply, and the petitioner is entitled to proceed under § 2241, "the proper inquiry in the § 2241 proceeding "will be whether the petitioner can establish actual innocence of the crime for which he has been convicted, as 'actual innocence' is defined in *Bousley v. United States*," 118 S. Ct. 1604 (1998). *Id.* at 1244 n.3.

3

Townsend was not convicted of any crime which was made nonexistent by a retroactively applicable Supreme Court decision. *See id.* at 1244. Therefore, under the test we established in *Wofford*, Townsend's claims do not fit within the savings clause of § 2255. As we noted in *Wofford*, Townsend is attempting to use § 2241 to escape the procedural restrictions on second or successive § 2255 motions. Moreover, Townsend cannot argue he was actually innocent until after he has shown the savings clause does in fact apply. *See id.* at 1244 n.3. As such, his arguments relating to his claim of actual innocence are without merit and fail.[2]

AFFIRMED.

---

[2] Townsend suggests because Congress lacked constitutional authority to enact 21 U.S.C. § 841, which defined his offense of conviction, the district court lacked subject matter jurisdiction to try, convict, and sentence him for acts or conduct committed within the sovereign territory of Georgia. This issue, however, was raised for the first time in his reply brief, and thus, has been abandoned. *See Hall v. Coram Healthcare Corp.*, 157 F.3d 1286, 1290 (11th Cir. 1998). In any event, Townsend's arguments with respect to Congress's authority have no bearing on the fact § 2255's savings clause does not apply.