[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 29, 2005
THOMAS K. KAHN
CLERK

No. 05-12719
Non-Argument Calendar

_____

D. C. Docket No. 05-00124-CV-OC-10-GRJ

GARLAND WAYNE CARR, JR.,

Petitioner-Appellant,

versus

CARLYLE I. HOLDER, Warden, FCC Coleman - Medium,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 29, 2005)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Garland Wayne Carr, Jr., a pro se federal prisoner, appeals the district

court's dismissal of the petition for writ of habeas corpus he filed pursuant to

28 U.S.C. § 2241, and in which he claimed that the sentencing court lacked jurisdiction to enhance his sentence based on a prior conviction. The district court dismissed the petition because Carr should have filed it pursuant to 28 U.S.C. § 2255, which was not "inadequate or ineffective to test the legality of his detention." The reason Carr did not do that is he had previously filed a § 2255 motion and lost, and a second one would be barred by § 2255 ¶ 8.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer, 326 F.3d at 1365. However, a provision of § 2255 permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241. See 28 U.S.C. §§ 2241, 2255 ¶ 5. That provision, known as the "savings clause," provides that:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 ¶ 5. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence only if the petitioner

2

establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The burden is on the movant to establish the inadequacy or ineffectiveness of the § 2255 remedy. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from the Court of Appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b) & 2255 ¶ 8. Such restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Consequently, a petitioner who has filed a previous § 2255 motion, and been denied, may not circumvent the AEDPA's successive-motion rule simply by filing a petition under § 2241. Id. Instead, the savings clause only applies when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244. In order for a prisoner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied. They will all be met only in the

3

narrowest of circumstances.  Id. at 1244.

Carr is precluded from seeking relief under § 2241 because § 2255's "savings clause" does not apply.  He has not met the requirements for proceeding under that clause which we laid out in Wofford.  Carr's argument that those requirements do not apply and he may proceed under § 2241 because his claim goes to the sentencing court's jurisdiction ignores the fact that jurisdictional claims are cognizable in § 2255 proceedings. See 28 U.S.C. § 2255 ¶ 1 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that ... the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence.").  More importantly, it also ignores the fact that the Wofford case involved a jurisdictional claim, 177 F.3d at 1238, and, therefore, that decision itself establishes there is no jurisdictional exception to its requirements.

**AFFIRMED.**