[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16746
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00068-CV-2

JOSE NELSON CUERO,

Petitioner-Appellant,

versus

ROBERT MCFADDEN,
Warden, In His Capacity as Warden, FCI Jesup,
UNITED STATES OF AMERICA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 8, 2005)**

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Jose Nelson Cuero, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his petition for writ of habeas corpus, which he filed pursuant

to 28 U.S.C. § 2241. In his petition Cuero argued that, at the time of his arrest, the government denied him the opportunity to speak with the Colombian Consulate, in violation of Article 36 of the Vienna Convention on Consular Relations ("VCCR"), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, and the Fifth Amendment of the U.S. Constitution. The district court dismissed his petition after finding that Cuero had failed to establish the requirements for applying § 2255's savings clause.

On appeal, Cuero argues that the district court (1) should have considered the merits of his VCCR claim because it asserted a violation of his "basic due process rights under the rules of the Vienna Convention"; and (2) erred by concluding § 2255's savings clause was not satisfied. After thorough review of the record and the parties' briefs, we affirm.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Typically, defendants must collaterally attack the validity of a federal conviction or sentence under § 2255. Id. at 944-45. Under limited circumstances, however, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241. See 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides the following:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall

2

not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

We have held that the savings clause applies only when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision establishes that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); see also Sawyer v. Holder, 326 F.3d 1363, 1365-66 (11th Cir. 2003) (applying the three-part Wofford test). Moreover, a prisoner may not utilize § 2255's savings clause "to escape the restrictions on second or successive § 2255 motions." Wofford, 177 F.3d at 1245. Thus, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the AEDPA's successive-motion rule

3

simply by filing a petition under § 2241. Id.

In Darby, we recently addressed the denial of a Jamaican citizen's §2241 petition which alleged a VCCR violation identical to the one Cuero asserts here. See Darby, 405 F.3d at 945-46 (addressing whether a § 2241 is the proper vehicle for a violation of Article 36 of the VCCR). We held that the prisoner was not entitled to relief under § 2255's saving clause for such a claim. Id. at 945. We even went on to observe that even if § 2241 was the proper vehicle to test individual rights under the VCCR, Darby could not get relief by filing a § 2241 petition because he failed to show that the violation "had a prejudicial effect on his trial." Id.

Cuero is not entitled to relief for several reasons. As a preliminary matter, given the denial of his § 2255 petition in a separate proceeding, it appears that Cuero has filed the present § 2241 petition in an effort to circumvent the rules limiting the scope of successive § 2255 motions, which he cannot do.[1]    See Wofford, 177 F.3d at 1245. Second, Cuero cannot meet the initial Wofford prong because he has not demonstrated that his claim is based on a retroactively

---

[1] Our review of the district court's docket sheets in the present matter and Case No. 04-CV-01779 reveals that, although Cuero had not yet filed a § 2255 petition when he filed the instant § 2241 petition, the § 2255 was decided and final on August 4, 2004, which was before the district court denied the § 2241 on December 14, 2004.

4

applicable Supreme Court decision.[2]  Finally, as for Cuero's argument that § 2241

is the exclusive or proper vehicle to assert a VCCR claim, <u>Darby</u> is dispositive.  As

was the case in <u>Darby</u>, Cuero has not shown that any alleged VCCR violation "had

a prejudicial effect on his trial."  405 F3d at 946.  For all of these reasons, the

district court did not err by denying federal habeas relief.

**AFFIRMED.**

---

[2] As a result, we need not, and do not, address the remaining prongs. <u>See</u> <u>Wofford</u>, 177 F.3d at 1244-45.