[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16213
Non-Argument Calendar
_____

D. C. Docket No. 04-00429-CV-OC-10-GRJ

JAMES ANDREW CAMPBELL,

Petitioner-Appellant,

versus

STAN YATES,
Warden, FCC Coleman - USP,
UNITED STATES OF AMERICA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 19, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

James Andrew Campbell, a pro se federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] Campbell argues that the district court erred in dismissing his petition because he claims he sought the "original writ of habeas corpus" by way of § 2241, and, thus, did not have to show that a 28 U.S.C. § 2255 motion was inadequate and ineffective. He also argues, based on cases such as I.N.S. v. St. Cyr, 533 U.S. 289 (2001), that our ruling in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), is "contrary to the law established by the Supreme Court in reference to the original writ of habeas corpus" because "Wofford fails to cite either recent and/or past ruling[s] from the Supreme Court on how the original writ of habeas corpus by way of § 2241 is now applied." He contends that, because Congress in enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), did not articulate specific and unambiguous statutory directives to effect the repeal of § 2241, he does not need to prove that § 2255 relief is "inadequate or ineffective." He also claims that the district court's dismissal of his § 2241 petition violated due process

_____

[1]As an initial matter, we note that Campbell does not need a certificate of appealability to proceed in this appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (holding that a federal prisoner proceeding under § 2241 does not need a certificate of appealability to appeal).

2

and equal protection, and argues that the district court violated Clisby v. Jones, 960

F.2d 925 (11th Cir. 1992), by dismissing his § 2241 petition without addressing the

merits of his underlying claims.[2]

Typically, collateral attacks on the validity of a federal conviction or

sentence must be brought under § 2255.  Sawyer, 326 F.3d at 1365.  However,

under limited circumstances, a provision of § 2255 permits a federal prisoner to

file a habeas petition pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. §§ 2241(a),

2255.  That provision, known as the "savings clause," provides that

> [a]n application for writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to this section,
> shall not be entertained if it appears that the applicant has failed to
> apply for relief, by motion, to the court which sentenced him, or that
> such court has denied him relief, unless it also appears that the remedy
> by motion is inadequate or ineffective to test the legality of his
> detention.

28 U.S.C. § 2255 (emphasis added).  Accordingly, a court may entertain a § 2241

petition attacking custody resulting from a federally imposed sentence if the

petitioner establishes that the remedy provided for under § 2255 is inadequate or

ineffective.  The burden of coming forward with evidence affirmatively showing

the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant.

McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

---

[2]The availability of habeas relief under § 2241 presents a question of law that we review
de novo.  Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

We have established that § 2255's savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244 (emphasis added). In order for a prisoner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied. See id. We have made clear that § 2255's savings clause does not apply merely because a § 2255 motion would be barred as second or successive. McGhee, 604 F.2d at 10 (noting that "a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy"). If a prisoner satisfies the elements of § 2255's savings clause, the proper inquiry in the § 2241 proceeding is whether the prisoner can show actual innocence. Wofford, 177 F.3d at 1244 n.3.

We hold that the district court did not err by dismissing Campbell's § 2241 petition because he did not satisfy the requirements of § 2255's savings clause. Campbell did not satisfy this test. His attempt to use Blakely as a retroactively applicable Supreme Court decision is without merit. See Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.) (Holding that Blakely and Booker do not

4

apply retroactively to § 2255 cases on collateral review), cert. denied, 126 S.Ct. 312 (2005).  Further, even assuming that Blakely and Booker were retroactively applicable to Campbell's case,[3] he fails to show that he was convicted for a nonexistent offense by merely alleging that his sentencing enhancements were unconstitutionally applied.  Cf. Wofford, 177 F.3d at 1244.  Accordingly, Campbell's § 2241 petition did not satisfy the requirements of § 2255's savings clause, and the district court correctly determined that the petition should be dismissed.  See id.

Moreover, each of the remaining claims from Campbell's § 2241 petition are without merit because they also do not meet the three-part Wofford test.  Campbell claimed that: (1) applying the career-offender enhancement to him violated his Fifth and Sixth Amendment rights because he only had pled nolo contendere to the Florida state offense; (2) the career-offender enhancement did not apply because adjudication was withheld in his state case and he previously had been sentenced to a term not in excess of one year; (3) he had only one prior qualifying conviction, rendering him actually innocent of the § 4B1.1 enhancement; and (4) the weapon-possession enhancement was improperly applied to him because that count of his

---

[3]The Supreme Court recently granted certiorari in Burton v. Waddington, No. 05-9222 (U.S. June 5, 2006), and will consider whether Blakely and Booker are retroactive to cases on collateral review.

5

indictment was dismissed. (See R1-1 at 13-30). None of these claims was based upon a previously unavailable and retroactively applicable Supreme Court decision establishing that Campbell was convicted of a nonexistent offense. See Wofford, 177 F.3d at 1244. Therefore, the district court correctly dismissed Campbell's § 2241 petition for his failure to satisfy § 2255's savings clause.

Upon review of the record and consideration of both parties' briefs, we find no reversible error.

**AFFIRMED.**