[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 05-15928
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-00300-CV-4-MMP-AK

ENYINNE EUNICE EMUCHAY,

Petitioner-Appellant,

versus

JOSE VASQUEZ, Warden,

Respondent-Appellee.

--------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
--------------------------------------

**(January 12, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and CARNES, Circuit Judges.

PER CURIAM:

Enyinne Eunice Emuchay, a pro se federal prisoner, appeals the district court's dismissal of her petition for a writ of habeas corpus, 28 U.S.C. § 2241.[1] No reversible error has been shown; we affirm.

In her section 2241 petition, Emuchay argued that her sentence was invalid because it was enhanced based on facts not proven to a jury beyond a reasonable doubt, in violation of Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), and Blakely v. Washington, 124 S.Ct. 2531 (2004). The district court determined that Emuchay did not meet the requirements of section 2255's savings clause and dismissed her habeas petition.

The availability of habeas relief under section 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Although collateral attacks on the validity of a federal sentence typically must be brought under 28 U.S.C. § 2255, a provision of section 2255 -- known as the savings clause -- permits a federal prisoner to file a habeas petition pursuant to

---

[1]We note that Emuchay does not need a certificate of appealability to proceed in this appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (concluding that a federal prisoner proceeding under section 2241 does not need a certificate of appealability to appeal).

28 U.S.C. § 2241 in limited circumstances. See Sawyer, 326 F.3d at 1365. The savings clause presents these words:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The burden is on the movant to present evidence affirmatively showing the inadequacy or ineffectiveness of the section 2255 remedy. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

In Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), we explained that the savings clause applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first [section] 2255 motion." Id. at 1244. The savings clause only applies if the prisoner has satisfied all three elements. See id. This showing is significant because a prisoner does not "open the portal" to a

3

section 2241 proceeding until she has demonstrated that the savings clause applies to her.[2]  See id. & n.3.

In this case, Emuchay has not satisfied the first element of the Wofford analysis because her claim is not based on a retroactively applicable Supreme Court decision.  Her attempt to use Apprendi and Blakely as retroactively applicable Supreme Court decisions is without merit.  See Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.) (explaining that Blakely and the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), do not apply retroactively to section 2255 cases on collateral review), cert. denied, 126 S.Ct. 312 (2005);  McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (Apprendi does not apply retroactively on collateral review).  Therefore, Emuchay's section 2241 petition did not satisfy the requirements of section 2255's savings clause; and the district court properly dismissed the petition.

AFFIRMED.

---

[2]"Once the savings clause of [section] 2255 applies to open the portal to a [section] 2241 proceeding, the proper inquiry in that [section] 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which [s]he has been convicted . . . ." Wofford, 177 F.3d at 1244 n.3.