[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14386
Non-Argument Calendar
_____

D. C. Docket No. 06-00227-CV-3-LAC-EMT

CHARLES J. SPIGNER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent,

JOSE BARRON, JR.,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 16, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

On April 18, 1997, the United States District Court for the Northern District of Florida sentenced Petitioner to a prison term of 360 months on a plea of guilty to conspiracy to possess crack cocaine with intent to distribute (the "NDFl Case"). The term was to run concurrently with a 240 months prison sentence the United States District Court for the Middle District of Florida had imposed on Petitioner for possessing crack cocaine with intent to distribute. We affirmed Petitioner's conviction and sentence in the NDFl Case on March 30, 1998, and on March 8, 1999, Petitioner moved the district court to vacate his conviction and sentence in that case pursuant to 28 U.S.C. § 2255. The district court denied his motion. Petitioner's subsequent attempts to obtain § 2255 relief were rejected, principally on the ground that they constituted successive motions.

In July 2006, Petitioner once again challenged his NDFl conviction and sentence, this time with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The district court denied his petition as barred under the savings clause of § 2255. He now appeals that ruling, contending that § 2255's savings clause permits him to file his § 2241 petition because § 2255 is inadequate or

ineffective to test the legality of his conviction and sentence.[1]

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255 contains a "savings clause," which permits a prisoner to mount a collateral attack after having been denied § 2255 relief if relief under that section is "inadequate or ineffective." The savings clause provides that

> [a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).

When a prisoner has previously filed a § 2255 motion to vacate, he must

---

[1] Petition also contends – for the first time in this appeal – that the district judge should have recused. We decline to consider the recusal issue because it was not presented to the district court in the first instance.

apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255. Such restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Consequently, a petitioner who has filed a previous § 2255 motion, and been denied, may not circumvent the successive-motion rule simply by filing a petition under § 2241. Id. The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244. For a prisoner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied. As we have made clear, all three criteria will be met only in the narrowest of circumstances. Id. at 1244.

The district court committed no error in dismissing the instant § 2241 petition. Petitioner is precluded from seeking relief under § 2241 because § 2255's savings clause does not apply. First, it appears that he has filed the present § 2241 petition in an effort to circumvent the rules limiting the scope of successive § 2255

4

motions.  Second, he cannot meet the initial prong of the test in <u>Wofford</u> because he has not demonstrated that his claims are based on a retroactively applicable Supreme Court decision.  Given this fact, we need not address <u>Wofford</u>'s remaining prongs.

**AFFIRMED.**