[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 11, 2007
THOMAS K. KAHN
CLERK

No. 06-15661
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-00367-CV-3-LAC-EMT

THOMAS LAROCCA,

Petitioner-Appellant,

versus

SCOTT FISHER,
Warden,

Respondent-Appellee.

------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
------------------------------------------------------------------

**(December 11, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Thomas LaRocca, a federal prisoner appearing pro se, appeals the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. § 2241.[1] No reversible error has been shown; we affirm.

In his section 2241 petition, LaRocca asserted that the district court incorrectly calculated the mandatory minimum sentence for his offense and that his lawyer provided ineffective assistance of counsel by not raising this argument at sentencing. The district court concluded that LaRocca had failed to meet the requirements of the "savings clause" of 28 U.S.C. § 2255 and dismissed his petition.

On appeal, LaRocca argues that he should be allowed to proceed under section 2241 because he is challenging the length of his sentence and not his conviction. LaRocca also contends that 28 U.S.C. § 2255 is inadequate and ineffective in this case because section 2255 does not provide for redress of his grievance.

The availability of habeas relief under section 2241 presents a question of law that we review de novo. See Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Although collateral attacks on the validity of a federal conviction or

---

[1]LaRocca does not need a certificate of appealability to proceed in this appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (concluding that a federal prisoner proceeding under section 2241 does not need a certificate of appealability to appeal).

sentence must be brought under section 2255, a provision of section 2255 permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241 in limited circumstances. See Sawyer, 326 F.3d at 1365. That provision, known as the "savings clause," presents these words:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the section 2255 remedy rests with the prisoner. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

In Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), we explained that the savings clause applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first [section] 2255 motion." Id. at 1244. The savings clause only applies if the prisoner has satisfied all three elements. See id. This showing is significant because a prisoner does not "open the portal" to a section

3

2241 proceeding until he has demonstrated that the savings clause applies to him. See id. n.3. "Once the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted . . . ." Id.

We conclude that the district court did not err in dismissing LaRocca's section 2241 petition. LaRocca has not even attempted to comply with the first element of the three-part Wofford test because he has made no argument that his claim is based on a retroactively applicable Supreme Court decision. Therefore, we need not address the remaining elements. See id. at 1245 (explaining that "the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent"). And to the extent that LaRocca -- who previously filed a section 2255 motion to vacate his sentence -- asserts that his section 2241 petition should proceed because he cannot pursue his claim in another section 2255 motion, we reject this argument.[2] See id. at 1244-45 (restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause).

---

[2]In addition, we decline LaRocca's request to declare the Antiterrorism and Effective Death Penalty Act of 1996 unconstitutional to the extent that it prohibits him from obtaining relief in this case.

We affirm the judgment of the district court.

AFFIRMED.