[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14603
Non-Argument Calendar

_____

D. C. Docket No. 07-00629-CV-WSD

TERRANCE TOMLINSON,

Petitioner-Appellant,

versus

MICHAEL ZENK,
Warden of FCI Atlanta,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 2, 2008)**

Before BIRCH, DUBINA and BARKETT , Circuit Judges.

PER CURIAM:

Terrance Tomlinson, a pro se federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, in which he argued that his sentence should be vacated in light of the reversal of a prior state felony conviction. The district court dismissed the petition, adopting the report and recommendation of the magistrate judge, which found that Tomlinson could not satisfy the savings clause of 28 U.S.C. § 2255.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. See §§ 2241(a), 2255. That provision, known as the "savings clause," provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

§ 2255. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the

remedy provided for under § 2255 is inadequate or ineffective.  Sawyer, 326 F.3d

at 1365.  The burden of coming forward with evidence affirmatively showing the

inadequacy or ineffectiveness of the § 2255 remedy rests with the movant.

McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

When a prisoner has previously filed a § 2255 motion to vacate, he must

apply for and receive permission from the Court of Appeals before filing a

successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255.  We have held that such

restrictions on successive § 2255 motions, standing alone, do not render that

section "inadequate or ineffective" within the meaning of the savings clause.

Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).  Consequently, a

petitioner who has filed a previous, unsuccessful § 2255 motion may not

circumvent the successive-motion bar simply by filing a petition under § 2241.  Id.

We have established that the savings clause only applies when (1) the petitioner's

claim is based on a retroactively applicable Supreme Court decision; (2) the

holding of that decision established that the petitioner was convicted of a

"nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the

time it otherwise should have been raised at the petitioner's trial, appeal, or first

§ 2255 motion."  Id. at 1244.  In order for a prisoner to avail himself of the § 2241

remedy under the test in Wofford, all three criteria must be satisfied.  As we have

made clear, all three criteria will be met only in the narrowest of circumstances. Id. A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. Id. at 1244 n.3.

After review of the record and the parties' briefs, we discern no error. Tomlinson has failed to show that the remedy provided for under § 2255 is inadequate or ineffective. Thus, the district court did not err by dismissing his § 2241 petition, and we affirm.

**AFFIRMED.**