[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11809
Non-Argument Calendar

_____

D. C. Docket No. 07-23153-CV-ASG

ANTHONY L. JERDINE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 17, 2008)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Anthony L. Jerdine, a federal prisoner proceeding *pro se*, appeals the district

court's dismissal of his 28 U.S.C. § 2241 habeas petition for failing to state a cognizable claim. Jerdine argues that the district court that convicted him in his underlying criminal case did not have subject matter jurisdiction because 18 U.S.C. § 3231, which establishes the district courts' exclusive original jurisdiction in federal criminal cases, never actually became law. Jerdine further argues that his conviction is void because he was tried in a biased district court and that the Supreme Court would be a fairer environment.

We review *de novo* the availability of habeas relief under § 2241. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Federal prisoners may file § 2241 petitions to collaterally attack the manner in which their convictions or sentences are executed. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). These collateral attacks, however, are typically brought under 28 U.S.C. § 2255. *Id.* Section 2255's "savings clause" permits a federal prisoner to file a habeas petition pursuant to § 2241 under limited circumstances. The savings clause provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The prisoner has the burden of presenting

2

"evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy . . . ." *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979) (per curiam) (citations omitted). Furthermore,

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based on a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

Because Jerdine attacks the validity of his underlying conviction and sentence, not the manner in which they were executed, he has failed to state a claim for § 2241 habeas relief or to show that the remedy available under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Therefore, the district court properly dismissed Jerdine's petition.

## CONCLUSION

Upon review of the parties' briefs and the record, we discern no reversible error. Accordingly, we affirm the district court.

**AFFIRMED.**