[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2009
THOMAS K. KAHN
CLERK

No. 08-12313
Non-Argument Calendar

_____

D.C. Docket  No. 07-00092-CV-2

CHARLESTON KELLEY, JR.,

Petitioner-Appellant,

versus

WARDEN DEBORAH HICKEY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 20, 2009)

Before EDMONDSON, Chief Judge, and BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Charleston Kelley, Jr., a federal prisoner appearing pro se, appeals the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. § 2241.[1] No reversible error has been shown; we affirm.

In his section 2241 petition, Kelley claimed he actually was innocent of his continuing criminal enterprise conviction ("CCE"), 21 U.S.C. § 848, based on Richardson v. United States, 119 S.Ct. 1707 (1999).[2] The district court, in adopting the magistrate judge's report and recommendation, concluded that Kelley did not meet the requirements of the savings clause contained in 28 U.S.C. § 2255 and dismissed his habeas petition.

On appeal, Kelley argues that his actual innocence claim can be heard pursuant to section 2241 and that it was a fundamental miscarriage of justice for the district court not to render a merits determination of his claim. We review de novo the availability of habeas relief under section 2241. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

---

[1] Kelley does not need a certificate of appealability to proceed in this appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (concluding that a federal prisoner proceeding under section 2241 does not need a certificate of appealability to appeal).

[2] In Richardson, the Supreme Court concluded that "a jury in a federal criminal case brought under [section] 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" 119 S.Ct. at 1709.

Although collateral attacks on the validity of a federal conviction or sentence generally must be brought under section 2255, the savings clause of section 2255 permits a federal prisoner to file a habeas petition pursuant to section 2241 in the following limited circumstance: if an otherwise available remedy under section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Sawyer, 326 F.3d at 1365. The burden of affirmatively showing the inadequacy or ineffectiveness of the section 2255 remedy rests with the prisoner. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

In Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), we explained that the savings clause applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) that decision establishes that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first [section] 2255 motion." Id. at 1244. This showing is significant because a prisoner does not "open the portal" to a section 2241 proceeding until he has demonstrated that the savings clause applies to him. See id. n.3. "Once the savings clause . . . applies to open the portal to a [section] 2241

proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted . . . ." Id.

We conclude that the district court did not err in dismissing Kelley's section 2241 petition. While Kelley met the first part of the Wofford test because Richardson is retroactively applicable to cases on collateral review, see Ross v. United States, 289 F.3d 677, 681 (11th Cir. 2002), we have determined that "a Richardson claim is not the type of defect that opens the portal to a [section] 2241 proceeding," Sawyer, 326 F.3d at 1366. In Sawyer, we explained that Richardson did not render CCE offenses nonexistent because that case merely clarified the standard by which a jury must find defendants guilty of those offenses. Id. Thus, because Kelley did not meet the second part of the Wofford test, he did not show that the savings clause applied to him. As such, Kelley failed to open the portal to a section 2241 proceeding, and the district court did not need to inquire into Kelley's actual innocence claim. See Wofford, 177 F.3d at 1244 n.3 (actual innocence claims are considered only after the portal to a section 2241 proceeding has been opened).[3]

AFFIRMED.

---

[3] We decline to address arguments raised for the first time in Kelley's reply brief. See United States v. Levy, 416 F.3d 1273, 1275 (11th Cir. 2005) (noting that "issues not raised in a party's initial brief are deemed abandoned" on appeal).