[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16973
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00218-CV-OC-10GRJ

NATHAN HILL,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP II,
Warden Drew,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 8, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Nathan Hill, a pro se federal prisoner serving a life sentence, appeals the

district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This petition is Hill's third attempt to collaterally attack the validity of his underlying conviction for engaging in a continuing criminal enterprise.

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h). A provision of § 2255, however, permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241. See 28 U.S.C. § 2255(e). That provision, known as the "savings clause," provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or

ineffective to test the legality of his detention." See id. A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating the applicability of the savings clause. Id. at 1244 n.3.

Hill filed his first § 2255 motion in 2003, which the trial court denied on procedural and substantive grounds. In 2006, Hill filed an application with the Seventh Circuit Court of Appeals for permission to file a second § 2255 motion based on "newly discovered" evidence that a federal agent who investigated his crime and testified at trial had a secret relationship with a "key witness" in the case. The Seventh Circuit denied the application on two alternative grounds. First, even assuming there was constitutional error, the evidence was "insufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," as is required to file a successive petition under § 2255. 28 U.S. C. § 2255(h)(1). See also § 2244(b)(2)(B)(ii). The Seventh Circuit concluded that the evidence adduced against Hill at his two-month trial was "ovewhelming and included the testimony of many witnesses against whom there [was] no suggestion of taint." Second, Hill's application was time-barred by the one-year statute of limitations governing successive applications. § 2244(d)(1)(D).

In 2008, Hill filed this petition pursuant to 28 U.S.C. § 2241 in the Middle

3

District of Florida.[1]  The court dismissed the petition.  Hill appeals that dismissal, arguing that the district court erred when it found that § 2255 barred his § 2241 petition, and, under the standard set forth in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), § 2255's savings clause did not apply.  Specifically, he asserts that § 2255 was "inadequate or ineffective" to test the legality of his detention because the government suppressed the evidence about the investigator-witness relationship until after the denial of his first § 2255 petition.[2]

The availability of habeas relief under § 2241 presents a question of law that we review de novo.  Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).  The burden is on the movant to establish the inadequacy or ineffectiveness of the § 2255 remedy.  McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[3]  Hill has not satisfied this burden.

Although, if true, the personal relationship between a prosecutorial investigator and a key government witness is troubling, Hill cannot show that §

---

[1] Hill is now an inmate at a correctional facility in Florida.

[2] Hill also filed a motion to strike the government's response brief due to citation to the record from the district court that considering his initial § 2255 motion and an order from our circuit denying his appointment of counsel in this appeal.  The government did not err in citing to these documents that are part of the public record and procedural background of Hill's case.  Therefore, Hill's motion to strike the government's response brief is denied.

[3] The Eleventh Circuit, in an en banc decision, Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2255's savings clause applies to permit his § 2241 petition. We have held that § 2255's savings clause only applies when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion. Wofford, 177 F.3d at 1244. All three criteria must be satisfied, and Hill can satisfy none.

Hill's claims rest on new evidence discovered after the denial of his first § 2255 petition, not "a retroactively applicable Supreme Court decision overturning prior circuit precedent." See id. at 1245. Hill had a procedural opportunity to raise this new evidence in a successive § 2255 petition but could not satisfy the AEDPA's strict procedural hurdles for doing so. Moreover, we have expressly held that the AEDPA's restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Id. at 1245. Consequently, a petitioner like Hill who has filed a previous § 2255 motion, and been denied, may not circumvent the restriction on successive motions simply by filing a petition under § 2241. Id.

Therefore, because Hill's application for a successive habeas petition under

5

§ 2255 was denied by the Seventh Circuit and he cannot satisfy any of the three Wofford requirements, we hold that Hill failed to show that § 2255's savings clause applied to open a portal to a § 2241 proceeding. Id. at 1244 n.3, 1245. As a result, we affirm the district court's order dismissing Hill's § 2241 petition.

**AFFIRMED.**