[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16605
Non-Argument Calendar

_____

D. C. Docket No. 04-00145-CV-OC-10-GRJ

ANTONIO ROJAS-ORTEGA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 20, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

In August 21, 1991, petitioner pled guilty in the United States District Court

for the Southern District of Florida to all counts of a five count indictment: Count 1, conspiring between April 22 and June 1, 1991 to import cocaine into the United States; Count 2, importing cocaine into the United States on June 1, 1991; Count 3 conspiring in April, May, and June 1991 to possess cocaine with intent to distribute; Count 4, possessing cocaine with intent to distribute on June 2, 1991; Count 5, using and carrying a firearm during a drug offense on June 2, 1991.[1]  On October 21, 1991, the court sentenced petitioner to concurrent prison terms of 262 months on Counts 1-4, and a consecutive prison term of 60 months on Count 5.

In October 1992, the Government moved the court to reduce petitioner's total sentence pursuant to Fed. R. Crim. P. 35.  As indicated below, the motion laid dormant until October 1996.

In 1995, the Supreme Court decided Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 (1995), which dealt with the "use" prong, but not the "carrying" prong, of 18 U.S.C. § 924(c), the statute that formed the basis of his Count 5 conviction.  In October 1996, petitioner moved the district court for relief under 28 U.S.C. § 2255.  The district court denied his motion, but granted the Government's long-pending Rule 35 motion and reduced petitioner's sentences by 60 months.  We denied petitioner's application for a certificate of appealability

_____

[1]  The indictment also contained a forfeiture count, which petitioner did not contest.

2

("COA") to review the court's denial of § 2255 relief.

In April 2004, petitioner commenced the action now before us by filing a habeas petition under 28 U.S.C. § 2241. The district court dismissed the petition with prejudice, concluding that petitioner failed to qualify for the "savings clause" of § 2255. Petitioner now appeals. He contends that the district court erred in dismissing his petition because (1) he did not knowingly and voluntarily plead guilty to violating 18 U.S.C. § 924(c), as alleged in Count 5, because he was illiterate and did not speak English, (2) he is actually innocent of this violation because he only "carried" firearms during a drug-trafficking offense, and (3) he suffered ineffective assistance of counsel.

As an initial matter, because petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996), the provisions of the act govern this appeal. Further, he may proceed before us despite the lack of a COA. Under 28 U.S.C. § 2553(c)(1)(B), a federal prisoner must obtain a COA to appeal only when proceeding under § 2255. By negative implication, a federal prisoner who proceeds under § 2241 does not need a COA to appeal. See 28 U.S.C. § 2253(c); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

The availability of habeas relief under § 2241 presents a question of law that

3

we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer, 326 F.3d at 1365. Under limited circumstances, however, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. See 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides that

> [a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added). Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Section 2255's savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and

4

(3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (emphasis added). For a prisoner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied. See id. All three criteria will be met only in the narrowest of circumstances. Id. Section 2255's savings clause does not apply merely because a § 2255 motion would be barred as second or successive.[2] Id. at 1245.

If the petitioner satisfies the elements of § 2255's savings clause, the proper inquiry is whether by showing actual innocence he can overcome a procedural default for not raising the claim earlier. Id. at 1244 n.3. A petitioner may not assert actual innocence, though, until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that § 2255's savings clause applies to his claim. Id.

As noted above, in 1995, the Supreme Court, in the Bailey case, held that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Bailey, 516 U.S. at 150, 116 S.Ct. at 509. The Court,

---

[2] Before a prisoner can file a second or successive § 2255 motion he or she must seek authorization from our Court. 28 U.S.C. §§ 2244(b)(3)(A), 2255 ¶ 8. We will only authorize a second or successive § 2255 motion if the prisoner presents a claim based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or newly discovered evidence sufficient to make a finding of guilt unreasonable. See 28 U.S.C. § 2255 ¶ 8.

however, distinguished between "use" and "carry" under § 924(c): "[u]nder the interpretation we enunciate today, a firearm can be used without being carried." Id. at 146, 116 S.Ct. at 501.

In this case, the district court did not err by dismissing petitioner's § 2241 petition. Bailey was decided in 1995, prior to when petitioner filed his first § 2255 motion; thus, his Bailey claim could have been raised in that motion. In sum, his § 2241 petition did not satisfy the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.[3]

**AFFIRMED.**

---

[3] Since petitioner has not met the savings clause requirements, we need not consider his assertion that he is actually innocent.