[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14071
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00100-CV-OC-10-GRJ

JOHNATHAN GAINES,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP-1,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2010)

Before CARNES, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Jonathan Gaines, a pro se federal prisoner, appeals the district court's order

dismissing with prejudice his petition for writ of habeas corpus under 28 U.S.C. § 2241. Gaines argues that the district court erred in dismissing his petition because the procedural rules of 28 U.S.C. §§ 2241 and 2255 cannot operate to defeat his claims.

## I.

In May 2002, Gaines pleaded guilty and was convicted in the United States District Court for the Middle District of Florida of: three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and 2; one count of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Gaines successfully appealed his sentence and was resentenced by the district court in February 2003. Gaines did not pursue another direct appeal. In March 2005, Gaines filed in the district court a motion under 28 U.S.C. § 2255. The district court dismissed that motion as time-barred.

In February 2009, Gaines filed the petition that is the subject of this appeal. He entitled the petition "Verified Petition for Writ of Habeas Corpus Filed Pursuant to the 1940th Edition of 28 U.S.C. § 451 Et Seq." In that petition, Gaines argued, among other things, that 18 U.S.C. § 3231, the statute that grants

2

jurisdiction over federal criminal cases to district courts, is unconstitutional because it was not properly enacted and that the district court therefore lacked jurisdiction to convict him. He also argued that 28 U.S.C. §§ 2241 and 2255 are unconstitutional due to irregularities in their enactment and that those statutes therefore could not defeat his petition.

The district court construed Gaines' filing as a petition for writ of habeas corpus under § 2241 because a filing under § 2255 would have been barred as a successive petition. The district court then dismissed Gaines' petition with prejudice, reasoning that § 2255 precluded Gaines from pursuing relief under § 2241 and that Gaines had not established an entitlement to relief under § 2255's savings clause. Gaines appealed.

## II.

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact <u>de novo</u>, and findings of fact for clear error." <u>Nyland v. Moore</u>, 216 F.3d 1264, 1266 (11th Cir. 2000). Typically, a collateral attack on a petitioner's federal conviction or sentence must be brought under § 2255. <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). When a federal prisoner has already filed a § 2255 motion, "he must apply for and receive permission from us before filing a successive § 2255 motion." <u>Darby v.</u>

3

Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). Gaines never sought, much less received, our permission to file a successive § 2255 motion. He is therefore foreclosed from pursuing relief under § 2255.

Under the savings clause of § 2255, a federal prisoner may attack his conviction or sentence through § 2241 if he establishes that the remedy under § 2255 is inadequate or ineffective. 28 U.S.C. § 2255(e). "The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner." McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[1] In order to show that § 2255 is inadequate or ineffective to test the legality of his detention, a prisoner must show that:

> 1) [his] claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Gaines has not established that a motion under § 2255 was an inadequate or ineffective remedy because he has not alleged that his claims are based on a retroactively applicable Supreme Court decision, that a Supreme Court decision

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

established that he was convicted for a nonexistant offense, and that circuit law formerly squarely foreclosed his claims. See Wofford, 177 F.3d at 1244; McGhee, 604 F.2d at 10. Because Gaines has not shown that his claims fall under § 2255's savings clause, we do not consider the merits of his petition.

Gaines argues that the district court erred in dismissing his petition despite § 2255's bar. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings . . . are entitled to liberal construction."). He first argues, as he did in his habeas petition, that the district court lacked jurisdiction to convict him in the underlying criminal proceeding because 18 U.S.C. § 3231 was not properly enacted. He then argues that the district court erred by not considering the merits of that argument because "jurisdictional claims cannot be waived, forfeited, time barred or procedurally defaulted." Gaines is incorrect. In Wofford, 177 F.3d at 1238, we held that a prisoner claiming that the district court lacked jurisdiction in the underlying criminal proceeding could not seek relief under § 2241 unless the savings clause criteria were met. Because he has not satisfied the savings clause criteria, Gaines may not pursue relief under § 2241.

Gaines also argues that §§ 2241 and 2255 were not properly enacted, so that the procedural and gatekeeping requirements imposed by those statutes cannot operate to bar his petition. That argument is frivolous.

5

Finally, Gaines argues that the district court erred because it was required to, but did not, resolve all of the claims raised in his petition. He relies on Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), in support of that argument. See also Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying Clisby to federal prisoners). Gaines' reliance on Clisby is misplaced. In Clisby, the district court addressed the merits of the petitioner's petition, but failed to address all of the issues presented in that petition. Id. at 935–36. Clisby does not apply where, as here, the district court dismissed the petition as required by § 2255 without examination of the merits. See Wofford, 177 F.3d at 1237, 1245 (affirming, seven years after Clisby, the district court's order dismissing, without examining the merits, a federal prisoner's petition due to the prisoner's failure to show the applicability of the § 2255 savings clause).

### III.

Because Gaines failed to meet his burden of showing that § 2255's savings clause applies, the district court did not err in dismissing Gaines' petition. Accordingly, the district court's judgment is

AFFIRMED.